UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLEY RICE, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON GRAND VACATIONS, INC.,<br><br>Defendant. | CASE NO. 2:25-cv-02205-TL<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court *sua sponte*. For the reasons stated below, the Court ORDERS Defendant Hilton Grand Vacations, Inc., to show cause as to why this case should not be remanded to King County Superior Court for lack of subject-matter jurisdiction.

## I.    BACKGROUND

This case is a proposed class action against Hilton Grand Vacations, Inc. ("HGV"), who Plaintiff alleges has sent emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, and Washington's Consumer Protection Act ("CPA"), Chapter 19.86 RCW. *See* Dkt. No. 21

ORDER TO SHOW CAUSE – 1

(Amended Complaint) ¶¶ 140–156. Plaintiff Kelley Rice alleges that Defendant "spams Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets." *Id.* ¶ 4. For example, a representative allegation asserts:

> 59.   On March 10, 2025, HGV utilized a call to urgency in an email with the subject line: "Your $199 3-Night Getaway Is Almost Gone[.]" The body of the message offers stays in Orlando and Las Vegas at the advertised price and states that the offers expire on March 11, 2025.
>
> 60.   The offer, however, was far from gone. It didn't take long for HGV to demonstrate the falsity of its March 10 subject line because, by March 13, 2025, HGV returned to consumers' inboxes to spam them with the same offer.
>
> 61.   HGV sent an email on March 13, 2025, with the subject line: "Don't Miss Out On A $199 Getaway[.]" Again, the stays, rates, and destinations are identical to those offered in the March 10, 2025, email. However, the email text extends the offer, updating the deadline to March 18, 2025. Thus, the call to urgency on March 10 was misleading because the same terms would be offered well beyond March 11, 2025.

*Id.* ¶¶ 59–61.

Plaintiff intends to pursue a class action on behalf of herself and "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A [to the Amended Complaint] during the Class Period." *Id.* ¶ 129. Plaintiff seeks: (1) to permanently enjoin Defendant from engaging in the alleged unlawful conduct—i.e., the spamming; (2) actual or liquidated damages, trebled, according to proof; and (3) costs and reasonable attorney fees. *Id.* at 26.

On September 30, 2025, Plaintiff filed a class action complaint in King County Superior Court. Dkt. No. 1-1 (state-court complaint). On November 5, 2025, Defendant removed the action to federal court, invoking this Court's subject-matter jurisdiction under the Class Action

ORDER TO SHOW CAUSE – 2

Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Dkt. No. 1 (notice of removal). On December 2, 2025, Plaintiff filed an Amended Complaint. Dkt. No. 21. On December 16, 2025, Defendant moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 23. On December 17, 2025, Defendant moved to stay this case pending the resolution of its motion to dismiss. Dkt. No. 25.

## II.    DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, 'federal courts are *required* sua sponte to examine jurisdictional issues such as standing.'" *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001)) (citation modified). "Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action." *Nuri v. True Religion Apparel*, No. C25-690, 2026 WL 319198, at *1 (W.D. Wash. Feb. 4, 2026) (citing 28 U.S.C. § 1441(a)). Where a case has been removed pursuant to CAFA, "the removing party must put forth evidence establishing jurisdiction if 'the court questions the defendant's allegations." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)) (citation modified).

"Standing is a necessary component of the court's subject matter jurisdiction; if a plaintiff lacks standing, the court lacks jurisdiction." *Rodriguez v. Old West Export, Inc.*, 711 F. Supp. 3d 1182, 1188 (E.D. Cal. 2024) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). Standing itself comprises three elements: injury in fact, traceability, and redressability. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The party that seeks to invoke the Court's jurisdiction bears the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Relevant to the inquiry here, "[t]o establish Article III standing, an injury must be

ORDER TO SHOW CAUSE – 3

'concrete, particularized, and actual or imminent[.]" *Clapper*, 568 U.S. at 409 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). This requirement leads to two key conclusions: First, "[f]or an injury in fact to exist, a statutory violation must have 'caused a plaintiff to suffer some harm that "actually exists" in the world; there must be an injury that is "real" and not "abstract" or merely "procedural.""" *Nuri*, 2026 WL 319198, at *1 (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017)) (citation modified). Second, "a plaintiff does not 'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins*, 867 F.3d at 1112 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

Here, as the *Nuri* court explained under similar circumstances, although the Washington Supreme Court has endorsed the state legislature's identification of a party's injury in their "recei[pt] [of] the e-mail that violates CEMA," *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025), such injury does not necessarily satisfy this Court's injury-in-fact requirement. *See Nuri*, 2026 WL 319198, at *2. The Court, that is, "'cannot treat an injury as "concrete" for Article III purposes based only on the [state] legislature's say-so[.]'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)) (citation modified). The Supreme Court has succinctly explained, "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. And "[t]he Ninth Circuit has interpreted *TransUnion* to 'require a court to assess whether an individual plaintiff' claiming harm based on an intangible injury 'has suffered a harm that has traditionally been actionable in our nation's legal system.'" *Nuri*, 2026 WL 319198, at *2 (quoting *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025)) (citation modified).

ORDER TO SHOW CAUSE – 4

In this case, Defendant asserted in its notice of removal that "Plaintiff's allegations establish CAFA jurisdiction." Dkt. No. 1 ¶ 7. But Defendant argues in its motion to dismiss that Plaintiff "seeks an astronomical amount of damages *without having alleged any injury whatsoever*." Dkt. No. 23 at 9 (emphasis added). Given the definition of standing and the prerequisites for its establishment, both of these statements cannot be true. Defendant goes on to assert multiple variations of its argument that Plaintiff has not sustained any injury. *See, e.g.*, *id.* at 15, 18, 22.

Defendant has thus untenably taken positions on both sides of the fence, and it appears that removal was improper. "[W]hen a defendant removes a class action lawsuit and satisfies all of the requirements of CAFA removal, a federal court must remand the case to state court if the federal court determines that the plaintiffs lack Article III standing." *Kay v. Plaid Pantry, Inc.*, 768 F. Supp. 3d 1150, 1157 (D. Or. 2025).

Finally, pursuant to 28 U.S.C. § 1447(c), upon remand, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court instructs that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "The basis for removal is objectively reasonable if 'a reasonable litigant in the defendant's position could have concluded that federal court was the proper forum in which to litigate the plaintiff's claims.'" *Brunt v. Brunt*, No. C26-5254, 2026 WL 1846675, at *2 (W.D. Wash. June 26, 2026) (quoting *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007)) (citation modified).

Here, the Court questions whether Defendant's basis for removal was objectively reasonable. Subject-matter jurisdiction and standing are elementary concepts of federal civil

procedure; a licensed attorney practicing in district court should be familiar with them. There is nothing complicated or groundbreaking about the Court's analysis in this Order, and it is not unreasonable to ask whether Defendant's counsel should have known better. Defendant's certainty that Plaintiff has not sustained any injury as a result of its alleged misconduct is wholly inconsistent with its implied position that this Court has original jurisdiction over this case, a prerequisite for removal. *See* 28 U.S.C. § 1441(a). Such contradiction runs afoul of judicial estoppel, which "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 600 (9th Cir. 1996). Judicial estoppel "is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

### III.    CONCLUSION

Accordingly, Defendant is ORDERED to show cause as to why this case should not be remanded to King County Superior Court. Defendant's brief must also discuss the issue of whether, in the event of remand, the Court should order Defendant to pay Plaintiff's costs and fees associated with this case's improper removal. Defendant's brief SHALL be filed **by July 22, 2026**. Further, Plaintiffs may file a response to Defendant's brief **by July 29, 2026**. Should Defendant wish to file a reply, it SHALL be filed **by August 3, 2026.**

Dated this 8th day of July 2026.

Tana Lin
United States District Judge

ORDER TO SHOW CAUSE – 6