THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLEY RICE, on her own behalf and on behalf of others similarly situated,

Plaintiff,

v.

HILTON GRAND VACATIONS, INC,

Defendant.

Case No. 2:25-cv-02205-TL

**DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Table of Contents

Page

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ..................................................................................................1

III.    LEGAL STANDARDS .......................................................................................2

        A.      Article III Standing ................................................................................2

        B.      Intangible Statutory Violations, Including Alleged CEMA Violations, Can Constitute an Injury-In-Fact That Establishes Article III Standing. ........................3

IV.     ARGUMENT........................................................................................................4

        A.      Plaintiff's Alleged Receipt of "Constant" Misleading Emails Constitutes a Cognizable Injury Under Article III. ........................................................................4

                i.      CEMA's Legislative History Makes Clear That the Statute Was Enacted to Codify Substantive Rights and Protect Against Injuries-in-Fact. ................4

                ii.     Courts in This District Have Explicitly Held, and the Ninth Circuit Has Implicitly Held, that a CEMA Violation States Sufficient Injury for Article III Standing. ...................................................................................5

                iii.    Plaintiff Alleges an Injury-in-Fact. .............................................................8

                iv.     Preemption and Article III are Different Standards.....................................11

        B.      Recent Precedent in this District Supports this Court's Jurisdiction. ....................12

        C.      In the Event of Remand, the Court Should Not Order HGV to Pay Plaintiff's Costs and Fees....................................................................................13

        D.      The Court Should Await the Ninth Circuit's Decision in *Montes* Before Remanding. ...........................................................................................15

V.      CONCLUSION....................................................................................................16

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaland v. CRST Home Sols., LLC*,
575 P.3d 1279 (Wash. Ct. App. 2025) ...................................................................................9

*Agnew v. Macy's Retail Holdings LLC*,
No. 25-cv-2006-JHC, 2026 WL 764140 (W.D. Wash. Mar. 18, 2026) ..................................7

*Booth v. Appstack, Inc.*,
No. 13-cv-1533-JLR, 2016 WL 3030256 (W.D. Wash. May 25, 2016) ................................6

*Brinton v. Vivint Inc.*,
No. 3:23-cv-06105-TMC, 2024 WL 3688589 (W.D. Wash. Aug. 7, 2024) ...........................9

*Brown v. La-Z-Boy Inc.*,
No. 25-cv-2203-JHC, 2026 WL 1494951 (W.D. Wash. May 28, 2026) ..............................16

*Cantrell v. City of Long Beach*,
241 F.3d 674 (9th Cir. 2001) ................................................................................................3

*Cert. from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy*,
567 P.3d 38 (Wash. 2025) .....................................................................................................5

*Chin v. Evergreen Freedom Found.*,
764 F. Supp. 3d 924 (C.D. Cal. 2025) ..................................................................................9

*In re Coastal Plains, Inc.*,
179 F.3d 197 (5th Cir. 1999) ..............................................................................................13

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
No. 16-cv-02941-LHK, 2016 WL 4729302 (N.D. Cal. Sept. 12, 2016) ...............................3

*Coman v. Int'l Playtex, Inc.*,
713 F. Supp. 1324 (N.D. Cal. 1989) ...................................................................................14

*Dart Cherokee Basin Op. Co., LLC v. Owens*,
574 U.S. 81 (2014) ...............................................................................................................3

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ................................................................................................4

*Devivo v. Sheex Inc.*,
No. 25-cv-5807-DGE, 2026 WL 1734589 (W.D. Wash. June 16, 2026) ..................7, 12, 13

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - ii
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) ...................................................................................................4, 5

*Environmental World Watch, Inc. v. Am. Airlines, Inc.*,
  No. C05-1799 THE, 2005 WL 1867728 (N.D. Cal. Aug. 3, 2005) ......................................14

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
  999 F.3d 1247 (11th Cir. 2021) .............................................................................................6

*Erwin v. Tea Living, Inc.*,
  No. 26-cv-1966-KKE, 2026 WL 1758651 (W.D. Wash. June 18, 2026) .............................16

*Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc.*,
  528 U.S. 167 (2000) ...............................................................................................................2

*Gordon v. Virtumundo*,
  575 F.3d 1040 (9th Cir. 2009) ...............................................................................7, 8, 11, 12

*Greenley v. Kochava, Inc.*,
  684 F. Supp. 3d 1024 (S.D. Cal. 2023) ................................................................................12

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) ................................................................................................14

*Harbers v. Eddie Bauer, LLC*,
  415 F. Supp. 3d 999 (W.D. Wash. 2019) ...................................................................... *passim*

*Harrington v. Vineyard Vines, LLC*,
  No. 25-cv-1115-TSZ, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025) ...............................7

*Havens Realty Corp. v. Coleman*,
  455 U.S. 363 (1982) .............................................................................................................4, 5

*Hoffman v. One Techs., LLC*,
  2017 WL 176222 (W.D. Wash. Jan. 17, 2017) ......................................................................9

*Jerde v. BYLT LLC*,
  No. 25-cv-1496-JHC, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026)...........................7, 15

*Jones v. Ford Motor Co.*,
  85 F.4th 570 (9th Cir. 2023).................................................................................................12

*Keathley v. Buddy Ayers Constr., Inc.*,
  146 S. Ct. 1532 (2026) .........................................................................................................13

*Kempf v. Fullbeauty Brands Operations LLC*,
  No. 25-cv-1141-TSZ, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026)..................................7

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - iii
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Liss v. Skechers USA, Inc.*,
No. 25-cv-5861-DGE, 2026 WL 1392327 (W.D. Wash. May 19, 2026) ..................... *passim*

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .................................................................................................2, 3

*Lynch v. AML Network Ltd.*,
No. CV 21-3574-GW-RAOx, 2021 WL 4453470 (Sept. 27, 2021)......................................9

*Ma v. Nike*,
No. 25-cv-1235-JLR, 2026 WL 100731 (Jan. 14, 2026).........................................................7

*Magadia v. Wal-Mart Assocs., Inc.*,
999 F.3d 668 (9th Cir. 2021) .................................................................................................5

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005) .............................................................................................................14

*Meade v. Profusion Cosmetics Corp.*,
No. 26-cv-5498-BHS, 2026 WL 2098093 (W.D. Wash. July 16, 2026) ...............................7

*Meadows v. Lands' End, Inc.*,
No. 25-cv-5841-BHS, 2026 WL 1552539 (W.D. Wash. June 2, 2026)...............................15

*Montes v. Catalyst Brands LLC*,
No. 2:25-cv-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025).......................15, 16

*Montes v. Penney OpCo, LLC*,
No. 25-8045 (9th Cir.) .................................................................................................1, 15, 16

*Nuri v. True Religion Apparel, et al.*,No. 25-cv-0690-LK, 2026 WL 864886
(W.D. Wash. Mar. 30, 2026) ..................................................................................9, 10, 12, 13

*Patel v. Facebook, Inc.*,
932 F.3d 1264 (9th Cir. 2019) ................................................................................................5

*Reichman v. Poshmark, Inc.*,
267 F. Supp. 3d 1278 (S.D. Cal. 2017) ...................................................................................6

*Robins v. Spokeo, Inc.*,
867 F.3d 1108 (9th Cir. 2017)...............................................................................................3, 6

*Sigglin v. Authentic Brands Grp.*,
No. 26-cv-1593-JLR (W.D. Wash. June 10, 2026) ...............................................................16

*Silverstein v. Keynetics, Inc.*,
727 F. App'x 244 (9th Cir. Mar. 6, 2018) ...............................................................................8

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - iv
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Silverstein v. Keynetics, Inc.*,
    No. LA CV18-04100 JAK (AGRx), 2018 WL 5795776 (C.D. Cal. Nov. 5,
    2018) ................................................................................................................7, 8, 9

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) (*Spokeo I*) .......................................................... *passim*

*State v. Heckel*,
    24 P.3d 404 (Wash. 2001) ................................................................................9

*Summers v. Earth Island Institute*,
    555 U.S. 488 (2009) .........................................................................................6

*Tall Club of Silicon Valley v. Am. Airlines*,
    No. C 00-982 MJJ, 2000 WL 868524 (N.D. Cal. June 19, 2000) .......................14

*Talley v. Everlane, Inc.*,
    No. 26-cv-0007-KKE, 2026 WL 1429329 (W.D. Wash. May 21, 2026) .............16

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) .................................................................................5, 9, 10

*Van Patten v. Vertical Fitness Grp., LLC*,
    847 F.3d 1037 (9th Cir. 2017) ................................................................3, 4, 6, 10

*Vargas v. Facebook, Inc.*,
    No. 21-16499, 2023 WL 6784359 (9th Cir. Oct. 13, 2023) ...............................5

*Warth v. Seldin*,
    422 U.S. 490 (1975) .........................................................................................3

*Whittaker v. Tactical USA LLC*,
    No. 23-cv-2914-JAM-CKD, 2024 WL 1855645 (E.D. Cal. Apr. 29, 2024).........9

**Statutes**

28 U.S.C. § 1332(d) ..................................................................................................2

28 U.S.C. § 1441 ......................................................................................................2

28 U.S.C. § 1447(c) ................................................................................................14

Class Action Fairness Act ......................................................................................2, 3

Commercial Electronic Mail Act........................................................................ *passim*

Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15
    U.S.C. § 7707 ................................................................................................ *passim*

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - v
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Fair Credit Reporting Act ...................................................................................................3, 5

Fair Housing Act ....................................................................................................................4

Video Privacy Protection Act, 18 U.S.C. § 2710 ..................................................................4

Washington Consumer Protection Act .......................................................................1, 2, 8, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .........................................................................................................1

Senate Bill Report on Substitute House Bill 2752 (Feb. 23, 1998)............................................5

U.S. Constitution Article III ............................................................................................... *passim*

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - vi
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## I.    INTRODUCTION

Plaintiff Kelley Rice's Amended Complaint's allegations, taken as true, allege an injury under the Commercial Electronic Mail Act ("CEMA") that is sufficient to establish Article III standing. Although Plaintiff does not allege a reliance injury or that she suffered actual damages, as required to survive CAN-SPAM preemption, her Amended Complaint nevertheless implicates the purported injury that the Washington Legislature intended to guard against in enacting CEMA. To be sure, Defendant Hilton Grand Vacations, Inc. ("HGV") maintains that Plaintiff's action is meritless and preempted by federal law, and should be dismissed under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 23.) Nevertheless, removal was proper, and this Court has, and should continue to exercise, jurisdiction over the action.

To the extent the Court has jurisdictional concerns, rather than remand the case now for lack of standing, the Court should wait for the Ninth Circuit to resolve this same issue in *Montes v. Penney OpCo, LLC*, No. 25-8045 (9th Cir.), which will squarely consider whether CEMA plaintiffs have suffered injury-in-fact. Indeed, numerous courts have issued orders to show cause in similar CEMA cases regarding whether a stay is warranted pending *Montes*, and a similar approach makes good sense here. Finally, given that the Ninth Circuit and the district courts in the vast majority of similar CEMA cases to consider this issue have held that jurisdiction *does* exist, Defendant's removal was reasonable, and the Court should not issue monetary sanctions if it decides to remand.

## II.    BACKGROUND

Plaintiff, a Washington resident, brings two causes of action against HGV on behalf of herself and a putative class. (Dkt. No. 21 (Am. Compl.).) First, she claims that HGV violated CEMA by sending emails with false or deceptive information in the email subject line, and second, she brings a derivative claim for damages under the Washington Consumer Protection Act ("CPA"). (*Id.* ¶¶ 140–156.) Plaintiff alleges that "HGV has spammed [her] with commercial emails whose subject lines contain false or misleading statements in violation of her right to be

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 1
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

free from such annoyance and harassment under CEMA." (*Id.* ¶ 125.) Plaintiff seeks a permanent injunction against HGV, an award of actual or statutory damages, treble damages, punitive damages, as well as interest, costs, and attorney fees. (*Id.* at p. 26.)

After removing the action from Washington Superior Court to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA"), HGV moved to dismiss Plaintiff's Amended Complaint in its entirety. (Dkt. No. 23.) Plaintiff's CEMA claim (and, consequently, her CPA claim) is expressly preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act, which "supersedes any statute . . . of a State . . . that expressly regulates the use of electronic mail to send commercial messages. . . ." (*Id.* at 4) (citing 15 U.S.C. § 7707(b)(1).)

On July 8, 2026, prior to ruling on HGV's Motion to Dismiss, the Court ordered HGV to show cause as to why the case should not be remanded back to Washington Superior Court for lack of subject matter jurisdiction. (Dkt. No. 47.) In its Order, the Court directed HGV to address whether Plaintiff alleges an injury sufficient to establish Article III standing. The Court also asked HGV to discuss whether, in the event of remand, the Court should order HGV to pay Plaintiff's costs and fees associated with this case's removal. Defendant addresses both questions below.

## III.    LEGAL STANDARDS

### A.  Article III Standing

To have standing to sue in federal court under Article III of the U.S. Constitution, a plaintiff must plead, and ultimately prove, three elements. A plaintiff must have (i) suffered an "injury in fact"; (ii) that is "fairly traceable" to the challenged action of the defendants; and (iii) that is likely to be redressed by a favorable outcome of the litigation. *Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

At the pleading stage, courts look to the complaint to determine whether the plaintiff has

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 2
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

alleged facts that, if proven, would establish injury-in-fact and the other Article III standing requirements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (*Spokeo I*); *Warth v. Seldin*, 422 U.S. 490, 518 (1975). The same standard applies on removal. *Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-cv-02941-LHK, 2016 WL 4729302, at *5 (N.D. Cal. Sept. 12, 2016) (in ruling on a remand motion, a court may "assume that the allegations of the complaint are true"). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**B.  Intangible Statutory Violations, Including Alleged CEMA Violations, Can Constitute an Injury-In-Fact That Establishes Article III Standing.**

The Legislative Branch "is well positioned to identify intangible harms that meet minimum Article III requirements," and "its judgment is . . . instructive and important." *Spokeo I*, 578 U.S. at 331. While "Article III standing requires a concrete injury even in the context of a statutory violation," a legislature "has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.'" *Id.* (quoting *Lujan*, 504 U.S. at 580 (Kennedy, J., concurring)); *see also Warth v. Seldin*, 422 U.S. 490, 514 (1975) ("The actual or threatened injury required by Art[icle] III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing[.]") (citation omitted); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (citing *Spokeo I*, 578 U.S. at 341) (concluding that the legislature "has some permissible role in elevating concrete, de facto injuries previously inadequate in law "to the status of legally cognizable injuries" and recognizing standing for claim brought under TCPA)); *see also Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001) ("[S]tate law can create interests that support standing in federal courts.").

"[S]ome statutory violations, alone, do establish concrete harm." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112–13 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 931 (2018) (*Spokeo II*) (concluding that a consumer's alleged injuries under Fair Credit Reporting Act were *sufficiently* concrete to satisfy injury-in-fact requirement). For instance, where a statute is a "substantive

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE - 3
CASE NO. 2:25-cv-02205-TL

provision that protects concrete interests," a plaintiff need not plead any additional harm beyond a violation of the statute to obtain standing. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982–84 (9th Cir. 2017) (analyzing claims brought under Video Privacy Protection Act or "VPPA," 18 U.S.C. § 2710(b)(1) and holding that the VPPA "identifies a substantive right to privacy that suffers *any time* video service provider discloses otherwise private information" and concluding an alleged statutory violation confers Article III standing); *see also Van Patten*, 847 F.3d at 1043. And even where a statute does not grant a substantive right, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo I*, 578 U.S. at 342. In such a case, a plaintiff need not allege "any additional harm" beyond what the legislature identified in enacting the statute. *Id.* The only requirement is that a plaintiff allege that they were harmed by violation of the statute in order to satisfy the injury in fact element for standing. *Id.*

## IV.    ARGUMENT

### A. Plaintiff's Alleged Receipt of "Constant" Misleading Emails Constitutes a Cognizable Injury Under Article III.

i.    *CEMA's Legislative History Makes Clear That the Statute Was Enacted to Codify Substantive Rights and Protect Against Injuries-in-Fact.*

The right to truthful, accurate information establishes Article III standing when a statute creates a substantive entitlement to receive accurate information, and a plaintiff alleges deprivation of that statutory right. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966–67 (9th Cir. 2018) (alleged false advertising evaded statutory right to receive truthful information under state consumer protection laws, and thus was sufficient to establish Article III standing); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982) (Congress "conferred on all 'persons' a legal right to truthful information about available housing" under Fair Housing Act, and "plainly omitted" a "bona fide" requirement for standing when it explicitly required one elsewhere in the same section of the fair housing statute). Here, Plaintiff established Article III standing when she alleged that her right to receive truthful, nondeceptive information under

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 4
CASE NO. 2:25-cv-02205-TL

CEMA was violated when HGV sent her advertising emails that allegedly contain false and deceptive subject lines.

CEMA was enacted in part to protect consumers' interests in receiving true and accurate information. It is therefore a "substantive provision that protects concrete interests." *Eichenberger*, 876 F.3d at 982; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (evaluating *concreteness* of consumers' alleged injuries under FCRA). The Washington Attorney General's Office "request[ed] this legislation," in part because of the rise in consumer complaints relating to spam. *See* Senate Bill Report on Substitute House Bill 2752 (Feb. 23, 1998) at 1.

The Washington Supreme Court recognized the exact protected interest that Plaintiff's claims implicate: "CEMA sought to give consumers relief from commercial spam e-mail by requiring accuracy and truthfulness in the subject lines of such e-mails." *Cert. from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy*, 567 P.3d 38, 41 (Wash. 2025). The Amended Complaint contends that Plaintiff's rights under CEMA were violated when HGV "spammed" her with commercial emails, "whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment under CEMA." (Am. Compl. ¶ 125.) Accordingly, Plaintiff's claims implicate the precise concrete harm that the Washington Legislature sought to address in CEMA.

> ii. *Courts in This District Have Explicitly Held, and the Ninth Circuit Has Implicitly Held, that a CEMA Violation States Sufficient Injury for Article III Standing.*

An injury will satisfy Article III if it is "concrete, particularized, and actual or imminent." *TransUnion*, 594 U.S. at 423. Intangible injuries may be concrete, *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019) (citing *Spokeo I*)—particularly when in "precisely the form the statute was intended to guard against." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982); *Vargas v. Facebook, Inc.*, No. 21-16499, 2023 WL 6784359, at *1 (9th Cir. Oct. 13, 2023); *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021), *abrogated on other grounds*. Further, "[t]he Ninth Circuit has held that an alleged violation of a statutory provision

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 5
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

that protects a substantive right is sufficient to establish concrete injury." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019) (citing *Van Patten*, 847 F.3d at 1043); *Spokeo II*, 867 F.3d at 1113 ("*[S]ome* statutory violations, alone, do establish concrete harm.").

Courts in this district have concluded that injuries identical to those alleged by Plaintiff here confer standing. In *Harbers v. Eddie Bauer, LLC*, a plaintiff brought a class action for statutory damages only, alleging a retailer violated CEMA by sending emails with misleading subject lines. 415 F. Supp. 3d at 1001–02. Following removal, the plaintiff claimed she lacked standing and sought remand. Judge Robart disagreed and held that the receipt of allegedly deceptive commercial emails in violation of CEMA alone—without more—conferred Article III standing. *Id*. at 1008–11. The *Harbers* court reasoned (1) CEMA was "enacted to protect concrete interests"; (2) the plaintiff alleged a violation of her substantive right "to be free from deceptive commercial e-mails, which suffers anytime a prohibited message is transmitted,"; and (3) that this "satisfies the concreteness requirement, *even absent additional allegations of harm*." *Id*. at 1008–09 (emphasis added); *see also In re Equifax Inc. Customer Data Sec. Breach Litig*., 999 F.3d 1247, 1262 (11th Cir. 2021) ("wasted time" is a concrete injury under Article III); *Reichman v. Poshmark, Inc*., 267 F. Supp. 3d 1278, 1284 (S.D. Cal. 2017) (wasted time due to unwanted text messages); *Booth v. Appstack, Inc*., No. 13-cv-1533-JLR, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) ("waste[d] time answering or otherwise addressing widespread robocalls").

The *Harbers* court went on to state that even if the plaintiff "allege[d] only a procedural CEMA violation,"[1] the alleged CEMA violation would nonetheless be "sufficient to confer Article III standing." *Id*. at 1009–10. Because the plaintiff's receipt of deceptive emails "pose[s] a risk to [her] interest in being free from the nuisance and loss of productivity," the court found

---

[1] In contrast to a substantive right, a procedural right is a right permitting a person to engage in or receive protection from a particular procedure, *e.g.*, "the ability to file comments on some Forest Service actions," (*Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009)), or dissemination of false information (*Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016)). Neither of these examples *automatically* establish a concrete injury, but they can constitute a concrete injury where the plaintiff has a "concrete interest that is affected by the deprivation." *Summers*, 555 U.S. at 496.

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 6
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

that she "need not allege any additional harm beyond the CEMA violations to allege a concrete injury-in-fact." *Id.* at 1010–11; *see also Silverstein*, 2018 WL 5795776, at *10 (explaining that Article III would be satisfied even if anti-spam law were interpreted as being procedural rather than substantive). Thus, even if CEMA were deemed to codify a procedural rather than substantive right, the concreteness requirement of Article III standing would be established. *Harbers*' logic compels the same result here.

Even more recently, two CEMA cases in this district survived remand challenges, with the Court concluding that injuries nearly identical to those alleged by Plaintiff in this case were "the kind of concrete injury that the Washington Legislature sought to prevent in enacting CEMA." *Devivo v. Sheex Inc.*, No. 25-cv-5807-DGE, 2026 WL 1734589, at *2 (W.D. Wash. June 16, 2026) (quoting *Harbers*, 415 F. Supp. 3d at 1009); *see also Liss v. Skechers USA, Inc.*, No. 25-cv-5861-DGE, 2026 WL 1392327 (W.D. Wash. May 19, 2026).

Additionally, Courts in this district have implicitly concluded that injuries identical to Plaintiff's confer standing. As the Court pointed out in its Order, "federal courts are *required* sua sponte to examine jurisdictional issues such as standing." (Dkt. 47 at 3) (internal quotations omitted). In ruling on motions to dismiss in cases nearly identical to this one, Courts in this district have implicitly concluded that the plaintiffs have Article III standing. *See, e.g., Meade v. Profusion Cosmetics Corp.*, No. 26-cv-5498-BHS, 2026 WL 2098093 (W.D. Wash. July 16, 2026); *Harrington v. Vineyard Vines, LLC*, No. 25-cv-1115-TSZ, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025); *Ma v. Nike*, No. 25-cv-1235-JLR, 2026 WL 100731 (Jan. 14, 2026); *Kempf v. Fullbeauty Brands Operations LLC*, No. 25-cv-1141-TSZ, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026); *Jerde v. BYLT LLC*, No. 25-cv-1496-JHC, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026); *Agnew v. Macy's Retail Holdings LLC*, No. 25-cv-2006-JHC, 2026 WL 764140 (W.D. Wash. Mar. 18, 2026).

In *Virtumundo*, the Ninth Circuit evaluated the plaintiff's claims regarding allegedly deceptive email subject lines without remand, implicitly finding a sufficiently concrete injury

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 7
CASE NO. 2:25-cv-02205-TL

under Article III to maintain jurisdiction. Notably, the Court performed an in-depth analysis of whether the plaintiff had statutory standing to bring a private action under CAN-SPAM, ultimately concluding he did not. *Gordon v. Virtumundo*, 575 F.3d 1040, 1066 (9th Cir. 2009); *see also Silverstein v. Keynetics, Inc.*, 727 F. App'x 244, 245–46 (9th Cir. Mar. 6, 2018) (affirming dismissal of claims brought under California's anti-spam law); *Silverstein v. Keynetics, Inc.*, No. LA CV18-04100 JAK (AGRx), 2018 WL 5795776, at *10 (C.D. Cal. Nov. 5, 2018) ("Because the district court and the Ninth Circuit reached decisions on the merits of Plaintiff's claim, each made an implicit finding of standing under Article III."). The Court then dedicated a single, three-sentence paragraph to statutory standing under CEMA and avoided the topic of Article III altogether, thereby implicitly holding that the plaintiff stated an injury-in-fact.

### iii.    Plaintiff Alleges an Injury-in-Fact.

In *Harbers*, the court concluded the alleged receipt of misleading spam emails confers standing under Article III because: (1) the resulting harm closely resembles injuries sounding in nuisance; and (2) CEMA was enacted to shield consumers from the associated intrusion, distraction, and cost. 415 F. Supp. 3d at 1005. Plaintiff pleads these same harms in her Amended Complaint.

Plaintiff alleges that HGV violated CEMA by "spamm[ing]" her "with commercial emails whose subject lines contain false or misleading statements." (Am. Compl. ¶ 125.) Plaintiff alleges that the emails "waste[] consumers' time" and "flood[] consumers' email inboxes with repeated false notifications." (*Id.* ¶ 5.) She further alleges that the emails violate "her right to be free from . . . annoyance and harassment under CEMA." (*Id.* ¶ 125.) These allegations "satisfy the concreteness requirement, *even absent additional allegations of harm*." *Harbers*, 415 F. Supp. 3d at 1008–09. Even if the Court concludes that Plaintiff's allegations that she received misleading or deceptive emails clogging her inbox only amount to procedural or nuisance harm, this harm is still sufficient to confer Article III standing.[2] *See id.* at 1009–10.

---

[2] HGV maintains, however, that Plaintiff has failed to allege an injury sufficient to survive CAN-SPAM preemption or to establish an "injury to business or property" under the Washington

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 8
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Moreover, Plaintiff need not allege that she relied on any email to make a purchase to establish Article III standing. *Chin v. Evergreen Freedom Found.*, 764 F. Supp. 3d 924, 934 (C.D. Cal. 2025) (receipt of deceptive email "suffices to satisfy the concreteness requirement of Article III standing"—even absent "financial harm"). The Western District of Washington continues to apply *Harbers* following *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) to evaluate standing, including where, as here, no detrimental reliance on the alleged misstatement is pled. *See, e.g.*, *Brinton v. Vivint Inc.*, No. 23-cv-06105-TMC, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024) ("This Court agrees with the other district courts that have found receipt of spam emails to be a concrete injury that establishes Article III standing.").[3] These precedents comport with the purpose and legislative history of CEMA, which stress the same harms Plaintiff alleges—*i.e.*, manipulation of decision making from misleading advertisements, and clogged email inboxes. (Compl. ¶ 5.) *Cf. Aaland v. CRST Home Sols., LLC*, 575 P.3d 1279, 1284 (Wash. Ct. App. 2025) ("The legislature was particularly concerned about the rising volume of commercial e-mails and the costs absorbed by consumers by paying internet providers for the time required to sift through their in-boxes cluttered with commercial e-mail spam."); *accord State v. Heckel*, 24 P.3d 404, 409–10 (Wash. 2001).

---

Consumer Protection Act. Plaintiff's failure to satisfy those pleading standards does not negate the fact that the injury she pleads is sufficient to establish Article III standing.

[3] Judge Robart's logic in *Harbers* is consistent with *Spokeo* and *TransUnion*. *See Whittaker v. Tactical USA LLC*, No. 23-cv-2914-JAM-CKD, 2024 WL 1855645, at *6 (E.D. Cal. Apr. 29, 2024) ("*Plaintiffs did not need to allege any harm beyond receiving the emails*" to "confer Article III standing") (emphasis added); *Lynch v. AML Network Ltd.*, No. CV 21-3574-GW-RAOx, 2021 WL 4453470, at *5 (C.D. Cal. Sept. 27, 2021) (rejecting "*flawed premise*" that additional harm—beyond the plaintiffs' receipt of deceptive emails—is necessary; rather, "[t]he *transmission and receipt* of these emails" constitutes "an injury in fact sufficient [to] confer Article III standing") (emphasis added); *Silverstein*, 2018 WL 5795776, at *9 (finding California's CEMA analogue "codifies a substantive right to be protected from spam" and "protects interests and prohibits behavior that are similar to those at issue in actions for nuisance"); *see also Hoffman v. One Techs., LLC*, 2017 WL 176222, at *2 (W.D. Wash. Jan. 17, 2017) (alleged CEMA violation based on receipt of phishing emails, resulting in "usurpation" of storage space, is "sufficiently concrete and particularized to establish Article III standing"—even absent plaintiff's detrimental reliance on any email).

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 9
CASE NO. 2:25-cv-02205-TL

In response, Plaintiff will presumably rely on the outlier *True Religion* decision, as it is the only CEMA case HGV is aware of that has been remanded. In *True Religion*, the court cited *TransUnion*, explaining that "the Court cannot treat an injury as concrete for Article III purposes based only on the legislature's say-so" and that, in order to establish Article III standing for an intangible injury, the plaintiff must plead "a harm that has traditionally been actionable in our nation's legal system." No. 25-cv-0690-LK, 2026 WL 864886, at *2 (internal quotations and alterations omitted). But Plaintiff, like the plaintiff in *True Religion*, *does* plead such injuries: "[a]ctions to remedy defendants' invasions of privacy, intrusions upon seclusion, and nuisance have long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten*, 847 F.3d at 1043.[4]

Moreover, the distinction drawn in *True Religion* and echoed by *Liss v. Skechers* is flawed. In both, the court distinguishes cases where the plaintiff consents to receiving emails from the defendant in the future, with cases where the plaintiff does not. But the injury-in-fact here is not the receipt of *any* email; rather, it is the receipt of emails with false or misleading subject lines. That is what the Plaintiff alleges here—the receipt of unwanted false communications. Plaintiff complains that HGV purportedly sends emails with "*false* urgency" and "floods consumers' email inboxes with repeated *false* notifications." (Am. Compl. ¶ 5 (emphasis added).) Accordingly, Plaintiff necessarily alleges sufficient injury for purposes of Article III standing.

Plaintiff, in alleging that HGV sent her and other customers multitudes of emails with purportedly false or misleading email subject lines attempting to induce purchases, pleads a concrete injury sufficient to confer Article III standing. This Court's continued exercise of jurisdiction is therefore proper.

---

[4] The fact that Plaintiff does not allege the elements of a traditional tort, such as fraud, does not deprive the Court of jurisdiction. It does, however, support HGV's argument that Plaintiff's CEMA claim is preempted as pled.

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 10
CASE NO. 2:25-cv-02205-TL

### iv. Preemption and Article III are Different Standards

The thrust of this Court's Order to Show Cause seems to be what the Court views as a strategic inconsistency—that HGV implicitly asserts in its Notice of Removal that Plaintiff has adequately alleged an injury-in-fact and explicitly states in its Motion to Dismiss that Plaintiff has failed to allege "any injury whatsoever." (Dkt. No. 47 at 5 (quoting Mtn. to Dismiss at 9).) To be clear, HGV did not intend to deceive the Court or shirk its own duty to ensure subject matter jurisdiction prior to removing this case to federal court. Nevertheless, HGV acknowledges that the language it used in its Motion could have been more precise. The issue is *not* that Plaintiff fails to establish an injury-in-fact but, rather, that Plaintiff fails to plead any injury sufficient to state a CEMA claim (which must meet particular pleading standards to survive CAN-SPAM preemption) or to state a CPA claim (which requires pleading an injury to business or property).

Accordingly, the invocation of this Court's jurisdiction in the Notice of Removal (Dkt. No. 1) comports with the preemption argument advanced in the Motion to Dismiss. HGV's central argument in its Motion is that CAN-SPAM preempts Plaintiff's claims. (Dkt. No. 23.) HGV therefore focused on Plaintiff's failure to allege the narrow types of injuries able to survive CAN-SPAM preemption. Under *Virtumundo*, the only types of CEMA claims exempted from CAN-SPAM preemption are claims involving "traditionally tortious or wrongful conduct." 575 F.3d at 1063. Thus, to survive CAN-SPAM preemption, Plaintiff must show that her claims are consistent with traditional torts involving misrepresentations. Traditional claims for fraud or misrepresentation, in turn, require more than the mere receipt of a deceptive statement; they *also* require proof of numerous additional elements, including "materiality," "reliance" on the alleged misstatement, and "actual damages" due to such reliance. (Dkt. No. 23 at 12–14 (*see authority cited*).) Because Plaintiff fails to allege that she saw or relied upon any of the emails, or was injured due to such reliance, her claims cannot satisfy the elements of a traditional misrepresentation tort and are preempted by CAN-SPAM. (*See id.* at 14–17.)

But the CAN-SPAM preemption analysis does not foreclose Article III standing. Under

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 11
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Article III jurisprudence, Plaintiff's alleged receipt of voluminous, deceptive spam communications constitutes a cognizable injury under Article III. *See supra* Section IV.A.i–iii. These disparate results do not evidence a logical inconsistency in HGV's submissions. Instead, they reflect substantive differences in: (a) the type of injury required to establish Article III standing under *Harbers*, on the one hand; and (b) the injury required to survive federal preemption under *Virtumundo*, on the other. The injury required under Article III often diverges from the injury required to establish an underlying cause of action. *See, e.g.*, *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1053 (S.D. Cal. 2023) (Article III standing was satisfied but plaintiff "fail[ed] to allege a cognizable injury under the [Unfair Competition Law ("UCL")]" because the UCL "demands more: a plaintiff must show 'economic injury'"); *Jones v. Ford Motor Co.*, 85 F.4th 570, 574–75 (9th Cir. 2023). Although Plaintiff's alleged injuries are insufficient to survive preemption, they are sufficient to confer standing under Article III.

## B. Recent Precedent in this District Supports this Court's Jurisdiction.

Three recent decisions in this district have addressed this issue in the CEMA context. In the first, *Nuri v. True Religion Apparel, et al.*, Judge King remanded a CEMA action for lack of Article III standing, concluding that the plaintiff had not suffered an injury-in-fact. No. 25-cv-0690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026). Judge Estudillo subsequently declined to remand two cases—*Liss v. Skechers USA, Inc.*, No. 25-cv-5861-DGE, 2026 WL 1392327 (W.D. Wash. May 19, 2026) and *Devivo v. Sheex Inc.*, No. 25-cv-5807-DGE, 2026 WL 1734589 (W.D. Wash. June 16, 2026). Judge Estudillo based his ruling on the same arguments HGV makes above—that the plaintiffs alleged that the defendant "bombards Washington consumers . . . with commercial emails" containing false or misleading subject lines, and that those emails "waste[] consumers' time and choke[] consumers' email inboxes." *Devivo*, 2026 WL 1734589, at *2. Judge Estudillo then concluded that the plaintiff "suffered injury in precisely the form the statute was intended to guard against."[5] *Id.*

---

[5] In *Liss*, 2026 WL 1392327, Judge Estudillo distinguished the allegations in that case from those

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE - 12
CASE NO. 2:25-cv-02205-TL

So too here. Plaintiff asserts that HGV's allegedly unsolicited emails "waste consumers' time, . . . flood[] consumers' inboxes," and violate Plaintiffs' and putative class members' "right to be free from such annoyance and harassment under CEMA." (Am. Compl. ¶¶ 5, 125.) For this same reason, Plaintiff's allegations here satisfy the injury-in-fact requirement, and Article III's requirements are satisfied.

## C. In the Event of Remand, the Court Should Not Order HGV to Pay Plaintiff's Costs and Fees.

In its order, the Court "question[ed] whether [HGV's] removal was objectively reasonable," pointing out that the legal concepts at issue are "elementary." (Dkt. No. 47 at 5.) The Court explained that HGV's "certainty that Plaintiff has not sustained any injury as a result of its alleged misconduct is wholly inconsistent with its implied position that this Court has original jurisdiction over this case" and opined that "[s]uch contradiction runs afoul of judicial estoppel." (*Id.* at 6.) Ultimately, the Court asked whether HGV should be required to pay Plaintiff's fees and costs in the event of remand. (*Id.*)

Whether judicial estoppel applies and whether the Court should award fees are distinct issues. Judicial estoppel "is an equitable doctrine." *Keathley v. Buddy Ayers Constr., Inc.*, 146 S. Ct. 1532, 1539 (2026) (internal quotations omitted). Thus, when considering whether judicial estoppel applies, the court must "act on a case-by-case basis" and consider "all relevant facts and circumstances." *Id.* (internal quotations omitted). The remedy for judicial estoppel is not fees, it is dismissal of the claim or defense. *See Keathley*, 146 S. Ct. at 1544 (Sotomayor, J., concurring)

in *True Religion*. Specifically, he pointed out that the plaintiff in *True Religion* alleged that she consented to receiving (and wanted to receive) emails from True Religion, just not emails that featured misrepresentations in the subject line. *Liss*, 2026 WL 1392327, at *3. In contrast, the plaintiffs in *Liss* made no such allegation, instead arguing that they had been "spammed" and had received "unsolicited and harassing emails containing false and misleading subject lines" which, the court concluded, satisfied Article III's injury-in-fact requirement. *Id.* (emphasis omitted). But Judge Estudillo makes clear in *Devivo* that his ruling is not wholly dependent on this fact. *See Devivo*, 2026 WL 1734589, at *2 & n.1 (holding that plaintiff has Article III standing based on her allegations of harm in the complaint and separately incorporating in a footnote the analysis in *Liss* distinguishing *True Religion*). Nevertheless, Plaintiff here, like the plaintiffs in *Liss* and *Devivo*, makes no allegation that she consented to receiving or wanted to receive emails from HGV.

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 13
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

("Judicial estoppel, by contrast, provides one remedy and one remedy only: dismissal of the tort claim."). As an equitable remedy, the purpose of judicial estoppel "is to protect the integrity of courts, not to punish adversaries or to protect litigants." *In re Coastal Plains, Inc.*, 179 F.3d 197, 213 (5th Cir. 1999).

In determining whether judicial estoppel applies, courts consider (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001). None of these factors are met here and thus judicial estoppel does not apply.

As to the first and third factors, HGV has not taken "clearly inconsistent" positions. The question of whether a plaintiff has pled an injury sufficient to state a CEMA claim that survives CAN-SPAM preemption is separate from whether a plaintiff has pled injury sufficient to allege Article III standing. As to the second factor, HGV has not yet "persuaded" this Court to accept any position—HGV's motion to dismiss remains pending.

Under 28 U.S.C. § 1447(c), a court "may award attorneys' fees and costs against the party who sought improper removal." *Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1329 (N.D. Cal. 1989). But "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

HGV's removal of this case was objectively reasonable. First, its assertion that Plaintiff failed to allege an injury that survives preemption is not inconsistent with its position that Plaintiff has alleged Article III standing. But even if the Court disagrees with HGV's position distinguishing injury-in-fact injuries from cognizable CEMA injuries, HGV's position is based on a reasonable analysis of a complex and developing area of the law. *See Environmental World*

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 14
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*Watch, Inc. v. Am. Airlines, Inc.*, No. C05-1799 THE, 2005 WL 1867728, at \*4 (N.D. Cal. Aug. 3, 2005) ("Where removal involves complicated issues, and is not frivolous or improper, an award of attorney fees is unwarranted."); *Tall Club of Silicon Valley v. Am. Airlines*, No. C 00-982 MJJ, 2000 WL 868524, at \*6 (N.D. Cal. June 19, 2000) ("Given the fact that the grounds for removal are still developing, [a fee] award would not serve a legitimate purpose in this case.").

Over one hundred copycat CEMA cases have been removed to Washington's federal courts in the past year and only a *single* case has been remanded. Many more have remained in federal court after show cause briefing on standing, *see, e.g.*, *Liss v. Skechers USA, Inc.*, No. 25-cv-5861-DGE, 2026 WL 1392327 (W.D. Wash. May 19, 2026), or after denial of the defendant's motion to dismiss—an implicit acknowledgement of standing by the court who is required to *sua sponte* examine subject matter jurisdiction. *See, e.g.*, *Jerde v. BYLT LLC*, No. 25-cv-1496-JHC, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026) (noting in a footnote that "[t]he Court is monitoring the Article III standing and amount-in-controversy issues pending in this matter"). In other cases, the court has requested supplemental briefing on whether the cases should be stayed pending the Ninth Circuit's decision in *Montes v. Penney OpCo, LLC*, No. 25-8045 (9th Cir.). *See, e.g.*, *Meadows v. Lands' End, Inc.*, No. 25-cv-5841-BHS, 2026 WL 1552539 (W.D. Wash. June 2, 2026) (requesting briefing and collecting cases). This is an implicit acknowledgement that the law is, at the very least, unsettled.

The fact that nearly all of the Courts in this district have determined this to be a contentious issue potentially worthy of a stay pending a Ninth Circuit decision demonstrates that HGV's removal of this case was "objectively reasonable." HGV respectfully submits that the Court should retain jurisdiction, but if it does not, the Court should refrain from any such award.

**D. The Court Should Await the Ninth Circuit's Decision in *Montes* Before Remanding.**

If this Court is unconvinced that Article III standing exists, it should await the Ninth Circuit's decision in *Montes* or, alternatively, stay the case pending that decision.

In *Montes*, the Eastern District of Washington determined that the plaintiff lacked Article

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 15
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

III standing to bring a CEMA claim because her complaint failed to allege concrete harm. *See generally Montes v. Catalyst Brands LLC*, No. 2:25-cv-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025). That issue is now on appeal before the Ninth Circuit. *See Montes v. Penney OpCo, LLC*, No. 25-8045 (9th Cir.). The outcome of *Montes* is likely to have a direct impact on whether Article III standing exists here. *See Talley v. Everlane, Inc.*, No. 26-cv-0007-KKE, 2026 WL 1429329, at *1 (W.D. Wash. May 21, 2026) ("Because the resolution of the *Montes II* appeal is likely to provide guidance to this Court on the threshold jurisdictional question of standing, a stay of this case may be appropriate while that appeal is pending."); *Brown v. La-Z-Boy Inc.*, No. 25-cv-2203-JHC, 2026 WL 1494951, at *1 (W.D. Wash. May 28, 2026) ("Given the issues raised in the instant motion, as well as the high likelihood that a ruling in *Montes II* will provide clarity as to how the Court must resolve these issues, the Court concludes that a stay may be appropriate."); *see also Erwin v. Tea Living, Inc.*, No. 26-cv-1966-KKE, 2026 WL 1758651, at *1 (W.D. Wash. June 18, 2026); *Sigglin v. Authentic Brands Grp.*, No. 26-cv-1593-JLR (W.D. Wash. June 10, 2026), ECF No. 11.

Remanding this case now, while *Montes* remains pending before the Ninth Circuit, would be inefficient and may waste both judicial and party resources. If this case is remanded and *Montes* later holds that Article III standing exists, HGV would likely remove the case back to federal court and the parties would likely need to engage in yet another round of briefing on HGV's motion to dismiss (at that point, perhaps the third motion to dismiss, in front of the second court). Instead, if *Montes* is reversed, then this Court could simply decide the motion to dismiss that is before this Court.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff has pleaded Article III standing. This Court's continued exercise of jurisdiction is proper, the Court should not remand the action to Washington Superior Court, and the Court should not award Plaintiff fees. In the alternative, the Court should await the Ninth Circuit's decision in *Montes* or, alternatively, stay this case pending

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 16
CASE NO. 2:25-cv-02205-TL

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

that decision.

DATED: July 22, 2026

BALLARD SPAHR LLP


By: _s/Erin M. Wilson_
Jeffrey M. Odom, WSBA No. 36168
Erin M. Wilson, WSBA No. 42454
Dailey Koga, WSBA No. 58683
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Phone: 206.223.7000
Email: odomj@ballardspahr.com
        wilsonem@ballardspahr.com
        kogad@ballardspahr.com

Ryan T. O'Hollaren, WSBA No. 65513
601 SW 2nd Avenue, Suite 2100
Portland, Oregon 97204
Email: ohollarenr@ballardspahr.com

*Attorneys for Hilton Grand Vacations, Inc.*

DEFENDANT HILTON GRAND VACATIONS, INC.'S RESPONSE
TO ORDER TO SHOW CAUSE - 17
CASE NO. 2:25-cv-02205-TL