THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLEY RICE, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON GRAND VACATIONS, INC.,<br><br>Defendant. | Case No.: 2:25-cv-02205-TL<br><br>**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER** |



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ii

TABLE OF AUTHORITIES ..................................................................................................iii

I. Plaintiff Has Article III Standing. ..........................................................................1

II. A Stay is Not Justified Here. ..................................................................................3

CONCLUSION ....................................................................................................................6

CERTIFICATE OF SERVICE ..............................................................................................7



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brinton v. Vivint Inc.*,
2024 WL 3688589 (W.D. Wash. Aug. 7, 2024) ....................3

*Brown v. Old Navy, LLC*,
4 Wash. 3d 580, 590–91 (2025) (*en banc*)....................2

*Cantrell v. City of Long Beach*,
241 F.3d 674 (9th Cir. 2001) ....................2

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ....................5

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007) ....................4

*Farkas v. Bridgestone/Firestone, Inc.*,
113 F. Supp. 2d 1107 (W.D. Ky. 2000)....................4

*Gordon v. Virtumundo, Inc.*,
575 F.3d 1040 (9th Cir. 2009) ....................2

*Haley v. Tommy Bahama*,
Case No. 2:25-cv-01969-BJR, D.E. 58 (June 26, 2026)....................5

*Happy Inv. Grp. v. Lakeworld Props., Inc.*,
396 F. Supp. 175 (N.D. Cal. 1975) ....................5

*Harbers v. Eddie Bauer, LLC*,
415 F. Supp. 3d 999 (W.D. Wash. 2019) (Robart, J.)....................3, 5

*Hollingsworth v. Perry*,
570 U.S. 693 (2013)....................4

*Hutchins v. HP Inc.*,
737 F. Supp. 3d 851 (N.D. Cal. 2024) ....................5

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979) ....................5



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

*Liss v. Skechers USA Inc.*,
2026 WL 1392327 (W.D. Wash. May 19, 2026)....3

*Lloyd v. Cabell Huntington Hosp., Inc.*,
58 F. Supp. 2d 694 (S.D.W. Va. 1999)....4

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005). Case....4, 5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....2

*Montes v. Catalyst Brands LLC*,
2025 WL 3485827 (E.D. Wash. Dec. 4, 2025)....5

*Montes v. SPARC Group, LLC*,
586 P.3d 999 (Wash. 2026)....5

*Montes v. Penney OpCo, LLC*,
No. 26-241 (9th Cir. 2026)....4, 5

*In re PG&E Corporation Securities Litigation*,
11 F.4th 1076 (9th Cir. 2024)....5

*Polo v. Innoventions International, LLC*,
833 F.3d 1193 (9th Cir. 2000)....5

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....2

*Stern v. Mut. Life Ins. Co. of N.Y.*,
968 F. Supp. 637 (N.D. Ala. 1997)....4

*Van Patten v. Vertical Fitness Group, LLC*,
847 F.3d 1037 (9th Cir. 2017)....2

*Weiler v. Delta Dental of Cal.*,
2026 WL 84319 (N.D. Cal. Jan. 12, 2026)....3

**Statutes**

28 U.S.C. § 1447(c)....1, 5, 6



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

Defendants in CEMA cases like this one are caught between a Scylla and Charybdis of their own making. To get disputes into a forum they prefer (federal court), they must attest in their removal papers that jurisdiction is satisfied. This Hilton did in its papers. D.E. 1. But then, brimming with outrage about a statute that Plaintiff did not write, defendants attack Plaintiff's claims as asserting no real injury. This Hilton also did in its papers. D.E. 23 at 9, 15, 18, 22 (blue pagination). Faced with this irreconcilable posturing, Hilton has now filed a *seventeen-page brief* asserting that yes, Article III standing is satisfied, but no, this Court should not let this case go forward, because maybe the Ninth Circuit might rule otherwise. D.E. 48 at 23. Hilton cannot sneak a motion to stay into its show cause response, but an indefinite pause is precisely what Hilton seeks. This bizarre sequence and position straddling is wholly a product of Hilton's litigation strategy, and this Court should not countenance it.

Posturing aside – Plaintiff has Article III standing, and there is no cause for a stay here. Fundamentally, this Court has subject matter jurisdiction or it doesn't. A stay of litigation is itself an *exercise* of jurisdiction because it pauses all proceedings. Defendant removed this case. D.E. 1. That decision means that if the Court lacks subject matter jurisdiction, then remand is the sole appropriate remedy under the removal statute. 28 U.S.C. § 1447(c). So this case should remain in this Court and proceed (because Plaintiff has standing), or go back to state court where it was filed. But it should not be stayed.

## I. Plaintiff Has Article III Standing.

Despite its earlier statements to the contrary, Hilton now agrees that Plaintiff has Article III standing. *Compare* D.E. 23 (motion to dismiss) at 9 ("[S]he seeks an astronomical amount of damages without having alleged any injury whatsoever."), *and* 15 ("The Amended Complaint Does



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

Not Allege That Plaintiff Suffered Any Injury."), *with* D.E. 48 at 15–16, n.2 ("[T]he injury she pleads is sufficient to establish Article III standing.), *and* 15 ("Plaintiff Alleges an Injury-in-Fact."). Accordingly, the parties agree that Plaintiff has standing. As for fees and costs, Plaintiff likewise agrees with Defendant that an objectively reasonable litigant could have found this case removable. To close the loop, Plaintiff offers her own analysis of the Article III issue below.

Standing under Article III does not require a tangible injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Actions to remedy "invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *see also Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001) (state law can establish Article III harm). Spam is a nuisance and increases costs on consumers and businesses. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1044–45 (9th Cir. 2009). Clogging people's inboxes with junk mail is one kind of concrete injury, *Van Patten*, 847 F.3d at 1043; clogging their inboxes with *deceptive* spam is another.

CEMA gives consumers relief from commercial spam e-mail by requiring accuracy and truthfulness in the subject lines of such e-mails. *Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 590–91 (2025) (*en banc*). The injury occurs when a recipient receives the false or misleading subject heading, the "the two pieces of information consumers first glean when faced with the choice of deleting a message or engaging with its content." *Id.* at 591. If Plaintiff proceeded on this claim in state court, it would go forward. *Defendant* made the decision to bring this case to federal court. It should not be afforded the benefit of a stay (to which it would not be entitled in state court) on a state law claim just because the Ninth Circuit might have something to say about a claim under the same statute on different allegations and against a totally different defendant. As the party invoking federal jurisdiction, it is *Defendant's* burden to show it exists. *See Lujan v. Defenders of*



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

*Wildlife*, 504 U.S. 555, 561 (1992); *Weiler v. Delta Dental of Cal.*, 2026 WL 84319, at *2 (N.D. Cal. Jan. 12, 2026) (citing *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023)) ("As the party that removed the case and is invoking federal jurisdiction, Delta Dental bears the burden of showing that Plaintiff has alleged an injury-in-fact sufficient to confer Article III standing.").

Courts in this District have found that CEMA is related to nuisance theories cognizable for standing. *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005–08 (W.D. Wash. 2019) (Robart, J.) (CEMA protects rights "remedied by nuisance or fraud actions"); *see also Liss v. Skechers USA Inc.,* 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) ("[T]he Court concludes a violation of CEMA confers Article III standing."); *Brinton v. Vivint Inc.*, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024) ("This Court agrees with the other district courts that have found receipt of spam emails to be a concrete injury that establishes Article III standing."). That should be the end of the matter. Plaintiff has Article III standing.

This is not some fine distinction, as Hilton argues, between preemption standards and Article III. D.E. 48 at 18. Hilton spends pages attempting to explain away the inconsistencies in its position(s), but the reality is far simpler. Hilton wanted to be in federal court, so it removed. Hilton wanted to emphasize to the Court that it feels that CEMA is a bad law, so the language it employed in its motion to dismiss emphasized a lack of injury. Tellingly, Hilton's motion to dismiss rested only on preemption and Rule 9(b) (both arguments couched under Rule 12(b)(6) rather than 12(b)(1)). D.E. 23. Now caught, Hilton compounds its own inconsistencies and says that even though Article III standing is satisfied, the case should not proceed. In short: Hilton will take whatever position suits it best at that moment – nothing more.

**II. A Stay is Not Justified Here.**

Not content with merely asserting that Article III standing is satisfied, and contrary to this Court's Local Rules, Hilton sneaks in a motion to stay in its briefing. D.E. 48 at 22–24. *But see* L.

Civ. R. 7(b)(1) ("The moving party shall serve the motion and a proposed order on each party that has appeared in the action"). In short: *Montes* is no cause to stay this case now.

Stays should be "rare." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005). Case management alone does not justify a stay. *Id.*; *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). In the absence of a "case" or "controversy," federal courts have no power to declare the law or decide any issue. *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). That includes the power to enter a stay. *See, e.g.*, *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1115 n.8 (W.D. Ky. 2000) ("[T]he jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel."); *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 696 (S.D.W. Va. 1999) ("This Court cannot … stay proceedings in an action over which it lacks jurisdiction."); *Stern v. Mut. Life Ins. Co. of N.Y.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter … a stay."). If the Court finds it has no jurisdiction or allows Defendant to relieve itself of the burden of showing it, that conclusion dictates the Court's only remaining option: remand.

Staying this case because the Ninth Circuit *might* have *something* to say about a CEMA claim against a different defendant in *somewhere* between 6 to 14 months is inefficient.[1] CEMA is a state law, and there is ample authority from that State's highest court on how to apply it. Confusingly, there are two cases called *Montes*: *Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026) (an appeal from an order dismissing a CEMA case for lack of standing in federal court)

[1] United States Courts, *U.S. Courts of Appeal—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit* (Sep. 30, 2024), https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf (average resolution of appeals is 13.1 months).



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

("Penney"), and *Montes v. SPARC Group, LLC*, 586 P.3d 999 (Wash. 2026) ("SPARC").[2] Neither *Montes* case justifies a stay here.

*Penney* is inapposite. There, the District Court's Article III determination turned on findings that plaintiff "welcome[d] Defendants' marketing emails[.]" *Montes v. Catalyst Brands LLC*, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025). There is no such finding here. The District Court in *Montes* also ignored the mandatory statutory directive to remand a case upon a finding it lacked subject matter jurisdiction. 28 U.S.C. § 1447(c). On removal jurisdiction, remand is mandatory under the statute – period. *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196–97 (9th Cir. 2000). And *Penney*'s analysis on subject matter jurisdiction is incorrect in any event, as this Court ruled in 2019. *Eddie Bauer*, 415 F. Supp. 3d at 1005–08. There is no indication *Penney* will "conclude[ ] within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). So *Penney* is not helpful.

Courts considering stays look to possible damage, hardship, and the orderly course of justice. *In re PG&E Corporation Securities Litigation*, 11 F.4th 1076, 1087 (9th Cir. 2024); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Passage of time itself increases the risk of evidentiary deterioration and fading recollections. *See Lockyer*, 398 F.3d at 1112. And any burden on Defendant is ordinary litigation expense, not "hardship" justifying a stay. *Lockyer*, 398 F.3d at

---

[2] *SPARC*, the recent Washington Supreme Court case, did not address CEMA at all. It did not involve a per se statutory violation. It did not cite, discuss, limit, or overrule any other Washington Supreme Court cases about CEMA. The State of Washington agrees and recently filed a brief in another CEMA case arguing that *SPARC* was a pure CPA case. *See Haley v. Tommy Bahama*, Case No. 2:25-cv-01969-BJR, D.E. 58 at 7–8 (June 26, 2026) (analyzing *SPARC* and concluding it did not analyze a CEMA claim). Judicial notice of this position is appropriate. *Happy Inv. Grp. v. Lakeworld Props., Inc.*, 396 F. Supp. 175, 183 n.6 (N.D. Cal. 1975) (finding brief by attorney general was susceptible to judicial notice as matter of public record); *see also Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 858 (N.D. Cal. 2024) (same). So *SPARC* does not matter here, because it only addresses standalone claims under the CPA.



**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801

1112 ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity."). And Plaintiff requested injunctive relief. D.E. 21 at ¶¶ 7, 146.

The prejudice here is palpable – Plaintiff's case will essentially be parked in neutral while the Ninth Circuit extends briefing deadlines on an unknown timetable. Fundamentally, the Ninth Circuit cannot change the law as articulated by the Washington Supreme Court on how to interpret CEMA. Presume for a moment that the Ninth Circuit declares (wrongly) – that *no* plaintiff under CEMA has Article III standing in federal court. The only result of that decision would be that all the CEMA cases removed by defendants to federal court would go back to state court. 28 U.S.C. § 1447(c). These cases will move forward either way. So a stay is unjustified.

## CONCLUSION

Plaintiff has standing, and a stay is unjustified. Unless Hilton is prepared in reply to abandon its inconsistencies, any order remanding this case should require Defendant to pay Plaintiff's costs and fees. *See* 28 U.S.C. § 1447(c).

Date: July 29, 2026

Respectfully submitted,

*/s/ Michael C. Tackeff*
J. Gerard Stranch, IV*
Michael C. Tackeff, admitted *pro hac vice*
Andrew K. Murray*
STRANCH, JENNINGS &
GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*/s/ Samuel J. Strauss*
Samuel J. Strauss WSBA No. 46971

Raina C. Borrelli*
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

I certify that this memorandum contains 2,006 words, in compliance with the Local Civil Rules.

*/s/ Michael C. Tackeff*
Michael C. Tackeff, admitted *pro hac vice*

Attorneys for Plaintiff and the Putative Class

* Applications for admission pro hac vice forthcoming

**CERTIFICATE OF SERVICE**

I, Michael C. Tackeff, hereby certify that on July 29, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

*/s/ Michael C. Tackeff*
Michael C. Tackeff, admitted *pro hac vice*